1
2
3
4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   JEFFREY S. HARNDEN,                    Case No.  21-cv-09231-HSG

8                    Plaintiff,            **ORDER TO SHOW CAUSE WHY
                                           LEAVE TO PROCEED IN FORMA
9          v.                              PAUPERIS SHOULD NOT BE
                                           DENIED; DENYING AS MOOT
10  PEREZ, et al.,                         REQUEST FOR EXTENSION OF TIME**

11                   Defendants.           Re: Dkt. Nos. 11, 14

12

13          Plaintiff, an inmate at California Medical Facility ("CMF") in Vacaville, California, has

14  filed a *pro se* action pursuant to 42 U.S.C. § 1983.  Now pending before the Court are Plaintiff's

15  request for leave to proceed *in forma pauperis*, Dkt. No. 11, and his request for an extension of

16  time to provide proof of his indigent status, Dkt. No. 14.

17                                    **DISCUSSION**

18  **I.    Request for Leave to Proceed *In Forma Pauperis***

19          **A.    28 U.S.C. § 1915(g)**

20          This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was

21  enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not

22  bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

23  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

24  an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

25  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

26  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  For purposes of a dismissal

27  that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may

28  be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the

*United States District Court*
*Northern District of California*

same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.  Any dismissal for failure to state a claim, whether with or without prejudice, counts as a strike.  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

A dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), constitutes a strike under Section 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint; the prisoner seeks only money damages related to an allegedly unlawful conviction and does not raise a habeas claim which is not subject to the PLRA's regime; and the entirety of the complaint is dismissed for a qualifying reason under Section 1915(g).  *Washington v. Los Angeles Cty. Sheriff's Dep't.*, 833 F.3d 1048, 1055 (9th Cir. 2016).

An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under Section 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

A dismissal for failure to exhaust available administrative remedies counts as a strike if the failure to exhaust was clear from the face of the complaint and would have been sufficient to dismiss under Fed. R. Civ. P. 12(b)(6).  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016).

A court may count as strikes dismissals of district court cases as well as dismissals of appeals.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).  But the dismissal of an appeal may count as a strike only if based on a qualifying reason under Section 1915(g).

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Id.* at 1120.  *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section

2

1   1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before

2   dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot

3   proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still

4   pursue his claims if he pays the full filing fee at the outset of the action.

5         **B.**      **Complaint**

6         Plaintiff commenced this action by mailing the complaint to the Court on or about

7   September 7, 2021. Dkt. No. 1-1 at 1.

8         Plaintiff currently is incarcerated at California Medical Facility in Vacaville, California

9   ("CMF"). Dkt. No. 1 ("Compl.") at 1.[1] Plaintiff appears to have been incarcerated since 1993.

10  *See generally id.* From at least 1993 to 1999, Plaintiff was incarcerated at Pelican Bay State

11  Prison in Crescent City, California *Id.* at 29. The Complaint does not reveal where plaintiff was

12  incarcerated between 1999 and the date that he filed this action. *See generally id.*

13        Plaintiff's complaint is rambling and difficult to follow, but the Court has discerned the

14  following allegations:

15        During Plaintiff's criminal prosecution in 1993, prison officials stole privileged mail

16  addressed to Plaintiff from Plaintiff's defense counsel and shared that mail with the prosecutor.

17  *See* Compl. at 7-10. The copies of physical mail that were stolen resided in Plaintiff's c-file and

18  were scanned to an electronic version of Plaintiff's c-file in 2013. *See* Compl. at 13. Plaintiff

19  believes that the prosecutors in his criminal trial engaged in other misconduct, such as withholding

20  exculpatory evidence. *See id.* at 7, 9, 11. Plaintiff states that he "seek[s] to do away with the word

21  conviction." *Id.* at 15. Plaintiff states that one of the named prosecutor-defendants is deceased.

22  *Id.* at 5. It is unclear whether Plaintiff seeks to have his conviction vacated on the grounds of the

23  prosecutors' alleged misconduct, or whether Plaintiff merely wishes for the Court to avoid

24  referring to Plaintiff's conviction in this action.

25        Plaintiff considers at least thirty prison inmates to be his enemies. *See id.* at 16 (stating

26  that, of thirty enemies, CDCR recorded only three); *but see id.* (stating that CDCR "recorded 28 of

27

28  _____

[1] Because plaintiff's page numbering is inconsistent, the Court uses the page numbers assigned by the Electronic Court Filing System.

United States District Court
Northern District of California

1    1000"). These enemies are incarcerated at various prisons throughout the State of California. *See*

2    *generally id*. The California Department of Corrections and Rehabilitation ("CDCR") has

3    recorded only three other prisoners as plaintiff's enemies. *See id*. at 16.

4        Plaintiff has been attacked by other inmates "in nearly every district in California."

5    Compl. at 5. Among other incidents, plaintiff was stabbed by "Inmate Garafolo" on an

6    undisclosed date, *id*. at 6, 29; was stabbed by "Inmate Andersen" on an undisclosed date, *id*. at 6;

7    was "slashed and punched" by an unidentified assailant on November 17, 2019, *id*. at 16; and was

8    attacked by "Inmate Brewer" on either June 27, 2021, or August 5, 2021, *see id*. at 17. Plaintiff

9    also believes that someone tried to murder him by drugging his food. *See id*. at 18. Plaintiff

10   contends that each attack was carried out by an enemy, despite the CDCR's assurance that

11   Plaintiff's enemies are housed on different yards and cannot hurt him. Compl. at 3. Plaintiff

12   claims that these attacks demonstrate that the CDCR allows assaults. *See id*. at 3, 6. In the August

13   5, 2021, attack by Inmate Brewer, "every one" of plaintiff's ribs was fractured. *Id*. at 17. For

14   eighty-three days, Plaintiff was denied medical care for his fractured ribs. *See id*.

15       Plaintiff alleges that CDCR has denied him access to the courts by stealing his mail and

16   improperly processing his grievances. *See* Compl. at 3, 15, 21.

17       Plaintiff seeks to amend all his complaints in his prior actions filed in the Northern District

18   of California to exclude the words "convict" and "conviction." *See* Compl. at 3, 6. He references

19   the following case numbers: C No. 92-3318 CW TEH, C No. 95-3162 LBN, and C No. 93-001.

20   He also appears to allege that Judges Wilken and Jenkins erred in denying him leave to proceed *in*

21   *forma pauperis* pursuant to 28 U.S.C. § 1915(g) because they incorrectly concluded that he was

22   not in imminent danger of serious physical injury. *See* Compl. at 3.

23       Plaintiff also alleges violations of recently passed California laws, as set forth in Assembly

24   Bills 256 and 2541. *See* Compl. at 9.

25   **C.    Prior Strikes**

26       Plaintiff is a frequent litigant. Plaintiff has filed over 35 cases in this district, primarily

27   from 1992 to 2007; filed at least seven cases in the Eastern District of California; and filed at least

28   three cases in the District of Oregon. Courts in all three districts have denied him leave to proceed

1    *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).[2]

2       • On December 13, 1996, the District of Oregon denied Plaintiff leave to proceed *in forma
3         pauperis* pursuant to 28 U.S.C. § 1915(g) in *Harnden v. Fitzsimmons*, No. CV 96-01500-
          JE, on the grounds that he had more than three prior actions dismissed by the District of
          Oregon and/or the Northern District of California. *Fitzsimmons*, ECF No. 5 (D. Or. Dec.
4         13, 1996).[3]

5       • On January 21, 2000, Judge Wilken of the Northern District of California denied Plaintiff
6         leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in *Harden v. Davis,*
          C No. 99-cv-04972-CW.  According to *Harden v. Scribner*, 1:05-cv-01274-LJO-WMW
7         (Apr. 24, 2006 order),[4] Judge Wilken identified the following three cases as strikes in her
          Jan. 21, 2000 order:  *Harnden v. Ayers*, C No. 99-2138; *Harnden v. Arcata*, C No. 97-4210
8         CW; *Harnden v. Del Norte County Sheriff's Dept.*, C No. 96-4086 CW.

9       • On March 24, 2008, the Eastern District denied Plaintiff leave to proceed *in forma
          pauperis* pursuant to 28 U.S.C. § 1915(g) in *Harden v. Scribner*, 1:05-cv-01274-LJO-
10        WMW (Apr. 24, 2006 order), relying on the January 21, 2000 order issued in *Davis*.  The
          Eastern District again denied Plaintiff leave to proceed *in forma pauperis* pursuant to 28
11        U.S.C. § 1915(g) in *Harnden v. Calif.*, C No. 07-cv-01319-MHM (E.D. Cal.) (Feb. 18,
          2009 order revoking *in forma pauperis* status) and in *Harnden v. Kiler, et al.*, C No. 1:11-
12        cv-02069-LJO-SKO (E.D. Cal.) (Dec. 21, 2011 order denying Plaintiff leave to proceed *in
          forma pauperis* under Section 1915(g))

13       The Court has reviewed Plaintiff's litigation history to the best of its ability.  Many of the

14   case files for the cases filed by Plaintiff, including some of the cases listed above, have been

15   disposed of pursuant to the federal judiciary's records disposition schedule.  However, of the case

16   files that the Court has been able to review, the Court finds that Plaintiff has at least three strikes

17   within the meaning of Section 1915(g).

18       (1)    *Harnden v. Del Norte Triplicate Newspaper, et al.*, C Nos. 92-3318 CW, 92-3473

19   CW, 92-3720 CW ("*Del Norte Cases*").  In *Del Norte Cases*, Plaintiff alleged that Del Norte

20   County Jail sergeant Tony Luis intercepted his outgoing private mail, thereby disrupting his

21

22   ───────────────────
     [2] The district court "may take judicial notice of proceedings in other courts, both within and
23   without the federal judiciary system, if those proceedings have a direct relation to matters at
     issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and
24   citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in
     which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment
25   because of her *pro se* status).
     [3] In *Harnden v. Campbell*, the Oregon District Court dismissed the action as frivolous. *Harnden
26   v. Campbell*, C No. 96-cv-06086-PA (D. Or.), Dkt. No. 14 (Sept. 9, 1996).  However, the Court
     has been unable to review the case files of this case because they were disposed of pursuant to the
27   federal judiciary's records disposition schedule.  Accordingly, the Court cannot confirm whether
     this case should be considered a strike pursuant to Section 1915(g).
28   [4] The Court has been unable to review the case files of *Harden v. Davis,* C No. 99-cv-04972-CW,
     because they were disposed of pursuant to the federal judiciary's records disposition schedule.

United States District Court
Northern District of California

family relationships; that the interception of his private mail also prevented him from securing DNA which would have proven him innocent; that his personal property, consisting of confidential case material and letters to his family, were taken from him and provided to the District Attorney so that the District Attorney could avoid issues that would help the defense at trial; and that he was kept in solitary confinement during his pretrial detention in a "Sick Bay cell." *Del Norte Cases*, Dkt. No. 29 (Nov. 15, 1995). The *Del Norte Cases* action was dismissed as frivolous or malicious for the following reasons. The claims regarding misconduct in the state court criminal proceedings could not be considered because the criminal proceedings were ongoing; the amended complaint and incorporated transcript indicated that the mail stoppage was caused by Plaintiff's own defense counsel; and the "sick bay cell" claim was barred by the statute of limitations. *Id.* This case counts as a strike because the case was dismissed as frivolous or malicious within the meaning of Section 1915(g). 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1121.

(2)     *Harnden v. Del Norte Cty. Sheriff's Dep't., et al.*, C No. 95-4439 CW. In this action, Plaintiff alleged that the Del Norte County Sheriff's Department and his trial counsel denied him his First Amendment right to collect evidence or witnesses in his defense by stopping his mail and by denying or failing to respond his grievances; and denied him his Sixth Amendment right to effective assistance of counsel. Plaintiff sought $22 million in damages. *Harnden v. Del Norte Cty. Sheriffs Dep't., et al.*, C No. 95-4439 CW, Complaint, Dkt. No. 1 (Dec. 12, 1995). This action was dismissed because it was clear from the face of the complaint that the claims were duplicative of claims raised in prior cases. *Harnden v. Del Norte Cty. Sheriffs Dep't., et al.*, C No. 95-4439 CW, "Order of Dismissal," Dkt. No. 2 (Feb. 7, 1996). This case counts as a strike because the case was dismissed in its entirety for qualifying reasons under Section 1915(g). *Washington v. Los Angeles Cty. Sheriff's Dep't, et al.*, 833 F.3d 1048, 1056-57 (9th Cir. 2016) (dismissal under *Heck* may constitute a strike under Section 1915(g) for failure to state claim when *Heck* bar to relief obvious from face of complaint and entirety of complaint dismissed for qualifying reason under Section 1915(g)). The claims were dismissed as duplicative, *Cato*, 70 F.3d at 1105 n.2 (duplicative action is considered frivolous or malicious pursuant to Section

1915), and because certain claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

(3)     *Harnden v. Calif., et al.*, C No. 10-cv-3535 WHA.  This action was dismissed upon screening for failure to exhaust administrative remedies because the failure to exhaust was evident from the face of the complaint.  C No. 10-cv-3535 WHA, *Harnden v. Calif., et al.*, Dkt. No. 7 (Sept. 2, 2010).  This case counts as a strike.  *See El-Shaddai*, 833 F.3d at 1043-44.

Because Plaintiff has had at least three actions dismissed as frivolous or for failure to state a claim,[5] Plaintiff is barred from proceeding *in forma pauperis* in this action unless he can establish that he is in imminent danger of serious physical injury.

### D.     Imminent Danger Exception of Serious Physical Injury Exception

Plaintiff alleges that he is in imminent danger of serious physical injury by writing this in the caption of the complaint and by alleging that he has been attacked by other inmates in nearly every district in California and that the CDCR is not taking steps to ensure that he is not near his enemies.  He also appears to allege that Judges Wilken and Jenkins incorrectly concluded that he was not in imminent danger of serious physical injury when they denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), presumably in the late 1990s or early 2000s.  *See* Compl. at 3.  He alleges that although these judges found no imminent danger of serious physical injury because he was in administrative segregation at that time and the other inmates were on other yards, Plaintiff was still attacked.  *Id.*  Plaintiff offers no specifics as to why the events of 20 years ago will repeat themselves, and has not alleged any specific danger from a specific inmate at CMF.  Plaintiff's conclusory allegations do not plausibly allege that he is at imminent risk of suffering serious physical injury.  *See Andrews II*, 493 F.3d at 1055 (Section 1915(g) requires plausible allegations of imminent danger of serious physical injury).

---

[5] In addition, pursuant to a pre-filing review order, the Ninth Circuit has dismissed at least two of Plaintiff's appeals as "so insubstantial as to not warrant further review," which constitutes a strike under the PLRA.  On December 8, 2010, the Ninth Circuit reviewed Plaintiff's appeal of the Northern District's dismissal and judgment in C No. 10-cv-3535 WHA and found that the appeal was "so insubstantial as to not warrant further review [that] it shall not be permitted to proceed." See *In re Harnden*, C No. 06-80009 (9th Cir. Dec. 8, 2010), Dkt. No. 22.  On February 16, 2012, the Ninth Circuit reviewed Plaintiff's appeal of the Eastern District's dismissal and judgment in C No. 11-cv-2069-LJO, and also found that the appeal was "so insubstantial as to not warrant further review [that] it shall not be permitted to proceed."  *See In re Harnden*, C No. 06-80009 (9th Cir. Feb. 16, 2012), Dkt. No. 27.

United States District Court
Northern District of California

1    In light of the dismissals of his earlier actions for failure to state a claim and because it

2    does not appear that Plaintiff was under imminent danger of serious physical injury when he filed

3    this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of

4    this order, why his *in forma pauperis* application should not be denied.  In the alternative, he may

5    pay the full filing fee of $402.00 by the deadline.

6    **II.      Request for Extension of Time**

7          Plaintiff has filed a pleading titled "Objection" and requesting an extension of time to mail

8    proof of his indigent status.[6]  Dkt. No. 14.  The request is DENIED as moot.  Plaintiff need not

9    send in proof of indigent status.  Plaintiff's complete *in forma pauperis* application was received

10   on January 3, 2022.  Dkt. No. 11.

**CONCLUSION**

12         For the reasons set forth above, the Court orders as follows.

13         1.      Within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause

14   why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three

15   strikes provision set forth in 28 U.S.C. § 1915.  In the alternative, he may pay the $402.00 filing

16   fee in full.  Failure to respond in accordance with this order will result in dismissal of this action

17   without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

18   for failure to comply with a court order.

19         2.      Plaintiff's request for an extension of time to file proof of his indigent status is

20   DENIED as moot.  Dkt. No. 14.

21         This order terminates Dkt. No. 14.

22         **IT IS SO ORDERED.**

23   Dated: 2/15/2022

24

25   HAYWOOD S. GILLIAM, JR.
     United States District Judge

26

27

---

[6] Plaintiff has also requested a copy of the local rules.  The Court does not provide printed copies
28   of the local rules.  Plaintiff should consult the prison librarian for assistance in accessing the
     Court's local rules, which are posted on the Court's website.

United States District Court
Northern District of California