UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. HARNDEN,<br><br>Plaintiff,<br><br>v.<br><br>PEREZ, et al.,<br><br>Defendants. | Case No. 21-cv-09231-HSG<br><br>**ORDER DENYING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59, 60**<br><br>Re: Dkt. Nos. 11, 21 |

Plaintiff, an inmate at Mule Creek State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 11; and DENIES as moot Plaintiff's request for reconsideration pursuant to Fed. R. Civ. P. 59, 60, Dkt. No. 21.

**DISCUSSION**

**I.   Procedural History**

On or about November 30, 2021, Plaintiff commenced this action. Dkt. No. 1. On January 3, 2022, Plaintiff requested leave to proceed *in forma pauperis*. Dkt. No. 11. On February 15, 2022, the Court ordered Plaintiff to show cause by March 15, 2022, why his request to proceed *in forma pauperis* should not be denied. The Court noted that, prior to the date that he commenced this action, Plaintiff had had at least three cases dismissed that counted as "strikes" within the meaning of 28 U.S.C. § 1915(g), and that Plaintiff had not alleged that he was under imminent danger of serious physical injury at the time he filed the instant action. Dkt. No. 15. That same day, Plaintiff filed an amended complaint. On March 7, 2022, in response to Plaintiff filing a notice of change of address, the Court *sua sponte* granted Plaintiff an extension of time to April 8, 2022, to answer the Court's February 15, 2022, Order to Show Cause.

## II. Amended Complaint

When Plaintiff filed this action on or about November 30, 2021, he was incarcerated at California Medical Facility ("CMF") in Vacaville, California. *See generally* Dkt. No. 1. On or about February 25, 2022, Plaintiff was transferred to Mule Creek State Prison in Ione, California. Dkt. No. 17.

In the initial complaint, Plaintiff filed suit against Del Norte County Prosecutor's Office, Liddicote Attorney et al, Sgt. Perez, correctional officer Jones, black male Doe, Counselor Gonzalez, John BPH (1) (2)(3), Brian Roberts, Del Norte DA James Fullman, Michael Reise, DA William Cornell, Pelican Bay State Prison ("PBSP") sergeant Judy Glover, PBSP correctional officer Murray, investigator Nick Pottnoff, attorney Scott Hoexing, attorney Robert Derhaut, and Liddicote Harvey and Toll. *See generally* Dkt. No. 1. The initial complaint was rambling and difficult to follow, and made allegations that, during his 1993 criminal prosecution, Plaintiff's mail was stolen; that Defendants and/or the California Department of Corrections and Rehabilitation ("CDCR") failed to record all of the prison inmates who are Plaintiff's enemies; that Plaintiff has/is being attacked by inmates in nearly every district in California on unspecified dates; that Defendants have denied him access to the courts by stealing his mail and improperly processing his grievances, and that Defendants have violated recently passed California laws, as set forth in Assembly Bills 256 and 2541. Plaintiff also expressed a desire to amend complaints filed in his prior actions filed in the Northern District of California to exclude the words "convict" and "conviction;" and argues that Judges Wilken and Jenkins erred in prior cases when they found that he was not in imminent danger of serious physical injury and denied him leave to proceed *in forma pauperis* based on that finding. *See generally id.*

The amended complaint, filed on or about February 14, 2022, brings suit against Del Norte District Attorney Liddicote, Michael Reese, James Fullman, Judy Glover, W.E. Murray, Bpit (sic) Adams, Taira, Perez, Sgt. Kamely, Jones Does, correctional officer Gibson, Javier Warden Rosengram, defendant Doctor Than, the Del Norte County District Attorney's Office, "BPH Adams, Jane Doe, and Taira aiding and abetting prosecutors," and CMF correctional officers

Jones and Perez.[1]  Similar to the initial complaint, the amended complaint is rambling and difficult to follow.  The Court has discerned the following allegations.  *See generally* ECF No. 16.

On June 27, 2021, defendant John Doe Perez refused to record Plaintiff's enemies.  The amended complaint does not specify what prison facility defendant John Doe Perez is located at, but the Court presumes that defendant John Doe Perez works at California Medical Facility because Plaintiff was housed there as of November 2021 when he filed this action.  On August 5, 2021, defendant Jones and another unnamed John Doe correctional officer left open the cell door of one of Plaintiff's enemies.  This inmate is housed on a different prison yard.  Defendant Perez had refused to list this inmate on Plaintiff's list of enemies and when Plaintiff expressed safety concerns, defendant Perez housed Plaintiff in administrative segregation and kept him separate from the inmates who seek to assault Plaintiff.  When the door was open, Counselor Thompson repeatedly yelled, "Ad-Seg is out."  Plaintiff's enemy, Brewer, ran over from the other yard and either attacked Plaintiff or a 65-year old.  In referring to the 65-year old, Plaintiff may have been referring to himself in the third person.  Plaintiff was restrained by handcuffs and a chain around his waist; the chain smashed into his ribs.  Plaintiff landed on his cane, hurting his knee and hip and breaking his glasses.  *See generally* ECF No. 16.

Defendant Tran refused to treat Plaintiff's fractured ribs for 83 days.  Plaintiff was prescribed physical therapy but quit therapy after the guards refused to escort him to physical therapy.  *See generally* ECF No. 16.

Defendant Perez retaliated against Plaintiff in violation of the First Amendment because he likes to cause assaults, which is his job description.  *See generally* ECF No. 16.

Plaintiff went before the Board of Parole Hearings ("BPH") on January 4, 2022.  The BPH commissions are liars and falsified the transcripts to turn a 3-year denial into a 5-year denial.  Defendant Perez only gave Plaintiff notice of the BPH hearing the day prior to the hearing when Plaintiff is entitled to six-month advance notice.  Plaintiff had no glasses for the BPH hearing which violates the ADA.  The BPH court-appointed attorney Gardner did absolutely nothing.  Due

---

[1] Plaintiff's handwriting is hard to make out.  These spellings of the defendants' name are the result of the Court's best efforts to decipher Plaintiff's handwriting.

1   to the November 19, 2020 assault that defendant Perez caused by not recording Plaintiff's
2   enemies, Plaintiff was denied parole. BPH commissioners Adams and Taira violated Plaintiff's
3   constitutional rights when they believed DA Liddicote's testimony and when they denied Plaintiff
4   documents that proved that defendant Adams and Taira profited from Liddicote. *See generally*
5   ECF No. 16.

6   In 1993, Judge Wilken caused an attempted murder when she incorrectly found that
7   Plaintiff was not in imminent danger of serious injury from inmate Garafolo because inmate
8   Garafolo was housed on a separate yard. Inmate Garafolo waited until 2014 to try to murder
9   Plaintiff and another inmate. This is relevant because it shows that the failure to record Plaintiff's
10  enemies places him at perpetual risk of serious injury because the enemies will attempt their
11  assaults and murders up to two decades later. *See generally* ECF No. 16.

12  In C No. 92-3318 CW/TEH, Plaintiff had alleged that Del Norte County prosecutors
13  Liddicote, Falman (or Fullman), and Reese had stolen and read his attorney-client mail.
14  Defendant Glover "supplied" Liddicote, and defendant Murray admitted that he delayed, opened,
15  and stole the attorney-client mail. Plaintiff seeks to amend this case to exclude the world
16  "conviction" and proceed solely on the attorney-client mail claim, and to allege that it was all
17  caused by bias, in violation of AB 2542, and that his rights as a pretrial detainee were violated.
18  *See generally* ECF No. 16.

19  Plaintiff filed a grievance in 2020, and this grievance somehow bamboozled defendants
20  Gibson, Jane Doe, and Counselor Perez. Plaintiff filed a separate grievance, date unspecified,
21  regarding his stolen mail and being unable to represent himself on appeal. *See generally* ECF No.
22  16.

23  Plaintiff requested an Olsen review of his file and discovered letters from 1993 that were
24  illegally opened and that are covered by attorney-client privilege and should not be in the
25  possession of prison authorities. *See generally* ECF No. 16.

26  Plaintiff's trial was 100% biased. There has been a violation of AB 2542. There was a
27  juror who stated all in the defendant's seat are guilty. *See generally* ECF No. 16.
28  //

4

### III. Motion for Reconsideration

Plaintiff has filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59, 60. Dkt. No. 21. Fed. R. Civ. P. 59, 60 apply after judgment has been entered. Fed. R. Civ. P. 59 sets forth the circumstances under which a party may seek a new trial or to alter or amend a judgment. Fed. R. Civ. P. 60 sets forth the circumstances under which a party may seek relief from a judgment or order. Fed. R. Civ. P. 60. Judgment has not yet been entered in this action, so neither Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60 are applicable here.

In addition, the motion for reconsideration seeks reconsideration of orders that were entered in a separate case. In this motion, Plaintiff alleges that, in a paid case, Defendant Jane Doe Judge made incorrect rulings regarding whether Plaintiff was in imminent threat of danger when he complained of his desire to not be sent back to Mule Creek State Prison. *See generally* Dkt. No. 21. It is unclear what case Plaintiff is referring to. To seek relief from judgment in a case, a party should file a motion for reconsideration in the case that is being challenged, not in a separate case.

The motion for reconsideration makes the following additional allegations. Plaintiff was assaulted by another inmate in 2018, due to the prison's failure to record his enemies. Plaintiff did not want to be returned to Mule Creek State Prison ("MCSP") because MCSP staff target inmates classified as special needs yard. Jane Doe Judge lacked both jurisdiction and judicial immunity, and fabricated the case when she assigned e-file machine page numbers to a case. On March 9, 2022, Plaintiff was assaulted. On April 1, 2022, Plaintiff was assaulted by defendant Rowe, Gunn, and Warren and other imbeciles. That same day, defendant Perice refused to give Plaintiff a property receipt, in continuation of behavior from 2018, and when Plaintiff spoke of court deadlines, flippantly gave defendant a Bible and pair of shower shoes. Judge Jane Doe caused defendants Rowe and Gunn to attack Plaintiff.

The motion for reconsideration pursuant to Fed. R. Civ. P. 59, 60 is DENIED as moot. Dkt. No. 21. The Court has not entered judgment in this case, so request for relief from judgment pursuant to Fed. R. Civ. 59, 60 is inapplicable. The orders entered in this case as of the date that the motion for reconsideration was filed are the orders of reassignment (Dkt. Nos. 6, 7, 13); the

1  December 8, 2021 Order Denying Motions Seeking Temporary Restraining Order and
2  Appointment of Counsel (Dkt. No. 6); the Court's February 15, 2022 Order to Show Cause why
3  Leave to Proceed *In Forma Pauperis* Should Not Be Denied (Dkt. No. 15); the March 7, 2022
4  Order Granting an Extension of Time to Answer the Order to Show Cause (Dkt. No. 18); and the
5  March 18, 2022 Order addressing Dkt. No. 19 (Dkt. No. 20).  To the extent that Plaintiff is
6  seeking reconsideration of one of these orders, the request is DENIED because Plaintiff has failed
7  to obtain leave of court to file a motion for reconsideration before entry of judgment as required
8  by N.D. Cal. L.R. 7-9.

## IV.     PLRA's Three Strikes Provision

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  *Ray v. Lara*, No. 19-17093, slip op. at 16 (9th Cir. Apr. 11, 2022).  In evaluating whether the imminent danger exception applies, the court must construe the prisoner's facial allegations liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.2d 1182, 1190 (9th Cir. 2015) (citing to *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  An allegation that prison officials are engaged in a practice that, in the past, has injured the prisoner and others similarly situated will satisfy the "ongoing danger" standard and meet the imminence program of the three-strikes exception.  *Andrews*, 493 F.3d at 1057.  However, "assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harms."  *Id.* at 1057 n. 11.

6

1    The deadline to answer the order to show cause has passed, and Plaintiff has not filed an
2    answer to the order to show cause.  Plaintiff has not disputed that he has three strikes within the
3    meaning of Section 1915(g).  However, in both the amended complaint (Dkt. No. 16) and the
4    motion for reconsideration (Dkt. No. 21), Plaintiff argues that he is imminent danger of serious
5    injury.  The Court therefore considers the allegations made in these pleadings in determining
6    whether Plaintiff has met the "imminent danger" exception of Section 1915(g).  Plaintiff's
7    allegations are the same as the allegations in the initial complaint – prison officials have failed to
8    record all his enemies and Judge Wilken incorrectly found that Plaintiff was not in imminent
9    danger of serious physical injury in a 1993 case, resulting in Plaintiff being at continuing risk of
10   assault from inmates everywhere he goes, as evidenced by assaults that he suffered at MCSP in
11   2018; at CMF on November 19, 2020 and on August 5, 2021 by inmate Brewer; and again at
12   MCSP on March 9, 2022 and April 1, 2022.  Plaintiff has provided some details regarding the
13   2018 and August 5, 2021 assault, including alleging that MCSP officer Perez deliberately allowed
14   inmate Brewer to assault Plaintiff on August 5, 2021.  But Plaintiff provides no details regarding
15   the assaults on November 19, 2020, March 9, 2022, and April 1, 2022.  Plaintiff does not provide
16   any details as to whether these assaults were committed by inmates or staff, how or why these
17   inmates or staff have coordinated across prisons, or how or why these assaults occurred.
18   Moreover, despite the CDCR's alleged failure to formally record his numerous enemies, Plaintiff
19   acknowledges that prison officials are making efforts to keep him separate from his enemies,
20   including housing him on yards separate from his enemies, and providing a guard to escort
21   Plaintiff to and from groups.  *See* Dkt. No. 16 at 4.  Finally, it is unclear that there is a nexus
22   between these allegations of imminent danger of serious physical injury and the violations alleged
23   in the complaint, such as the theft of mail, the parole denial, and his 1993 case.
24   The Court finds that Plaintiff's conclusory allegation that, due to the failure to formally
25   record his numerous enemies, Plaintiff was at ongoing imminent risk of serious physical injury in
26   November 2021 when he filed this action is overly speculative.  It relies on implausible allegations
27   that inmates throughout the California prisons seek to assault Plaintiff; that the failure to formally
28   list these inmates as enemies is the reason for the attack; that inmates can regularly and easily

move from yard to yard to assault him; and that the measures taken by prison officials, including housing him separately and having him escorted to and from group activities, are insufficient to protect him.  Because Plaintiff has not plausibly alleged imminent danger of serious physical injury at the time that he filed this action and because Plaintiff has three strikes within the meaning of Section 1915(g), Section 1915(g) requires that the Court DENY Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 11).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES Plaintiff's motion for reconsideration as moot.  Dkt. No. 21.

2. The Court DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 11.  Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full.  Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order.  If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

This order terminates Dkt. Nos. 11, 21.

**IT IS SO ORDERED.**

Dated:  4/12/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge